PEOPLE *v.* WOODHOUSE.

This case is controlled by *People* v. *Fons, ante,* 603.

Exceptions before judgment from Ottawa; Cross (Orien S.), J. Submitted April 17, 1923. (Docket No. 115.) Decided July 19, 1923.

George Woodhouse was convicted of violating the liquor law. Reversed.

*Charles E. Misner,* for appellant.

*Fred T. Miles,* Prosecuting Attorney, for the people.

BIRD, J. Defendant was convicted in the Ottawa circuit court for having violated certain provisions of the prohibitory liquor law. The first count of the information charged defendant with keeping a place where intoxicating liquors were unlawfully possessed, stored and furnished to others. The second count charged him with making a sale of intoxicating liquors to one Ernest F. Hyde. At the close of the testimony the prosecutor withdrew the second count, leaving the charge of keeping a place where intoxicating liquors were sold, etc., to be submitted to the jury. There was proof of one sale of intoxicating liquor by defendant to Ernest F. Hyde, on July 8, 1922. It was further shown that the officers, by the aid of a search warrant, had searched defendant's summer cottage at Spring Lake and seized five quarts of intoxicating liquor. Upon these proofs defendant was convicted under the first count.

On the trial defendant objected to the admission

---

As to complaint or information based on information and belief as the basis for the issuance of a warrant, see notes 10 L. R. A. (N. S.) 159; 25 L. R. A. (N. S.) 60.

of the liquor obtained by the search warrant, on the ground that the search warrant was invalid. It appeared that the affidavit for the search warrant was made upon information and belief by one Nicholas DeWitt. He stated in his affidavit that he had no actual knowledge of the facts and that his information and belief were based upon the affidavit of Ernest F. Hyde, which was attached to and made a part of his affidavit.

The affidavit of Ernest F. Hyde stated that he purchased five quarts of intoxicating liquor from defendant on July 8, 1922, and it is sworn to before a notary public. The point made is that the affidavit of Ernest F. Hyde was not sworn to before the magistrate and, therefore, could not serve as a basis for the finding of probable cause by the magistrate.

Since the appeal was taken in this case this precise question has been determined in the case of *People* v. *Fons, ante,* 603, handed down herewith. In that case Mr. Justice McDONALD said, in part:

"The question is whether the affidavit, not having been taken before the magistrate, can be used for such purpose. We think it cannot. In determining probable cause the magistrate is called upon to perform a judicial act. He must have before him for examination the witness who claims to have personal knowledge of the facts. The affidavit which is required to be taken before him in writing is the result of his examination; it is an important and necessary record of the legal evidence upon which he acts in determining probable cause for the issuance of a search warrant. The warrant does not issue from the mere fact of the filing of an affidavit, but from the finding of good cause based on legal evidence. The law contemplates a showing before a magistrate, such a showing as satisfies him that a crime has been committed. As there was no such showing in this case, the validity of the search warrant cannot be sustained."

See, also, *People* v. *Perrin, ante,* 132.

In view of this determination we must hold in the present case that there was no legal basis for the search warrant, and that the admission of the liquor in evidence was reversible error.

The judgment of conviction is set aside and the defendant discharged.

WIEST, C. J., and FELLOWS, McDONALD, CLARK, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.